UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DIANE K. GODFREY,

Plaintiff,

v.

TEAM KENNEDY INC.,

Defendant.

Case No.: 3:25-cv-02822-DMS-AHG

**REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

This matter comes before the Court following Plaintiff's repeated failures to prosecute the case and comply with Court orders.

## I. BACKGROUND

On April 30, 2026, the Court issued a Notice and Order Setting Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"). ECF No. 10. The Court set the ENE and CMC for June 8, 2026 at 2:00 p.m. and required the parties to complete several pre-conference tasks. Specifically, the Court required the parties to: (1) meet and confer pursuant to Federal Rule of Civil Procedure 26(f) no later than May 18, 2026; (2) file a Joint Case Management Statement by May 28, 2026; (3) provide initial disclosures by June 1, 2026; (4) submit confidential ENE statements by June 1, 2026;

and (5) provide participant information to chambers by June 1, 2026. *Id.*

Plaintiff did not comply with those requirements. She did not submit a confidential ENE statement, did not provide the required participant information, and did not participate in filing the Joint Case Management Statement.

On June 3, 2026, the Court issued a further Order noting Plaintiff's noncompliance. ECF No. 13. Instead of imposing sanctions, the Court gave Plaintiff another opportunity to participate. The Court ordered Plaintiff, no later than June 4, 2026, at 10:30 a.m., to advise chambers whether she intended to appear at the June 8 ENE and to provide the participant information and confidential ENE statement required by the April 30 Order. *Id.* In addition, chambers emailed Plaintiff at the two email addresses reflected in the record to advise her of the Court's June 3 Order. Plaintiff did not respond to the Order, did not advise whether she intended to attend the ENE, and did not provide either the participant information or the confidential ENE statement.

Despite Plaintiff's noncompliance, the Court convened the ENE on June 8, 2026. ECF No. 14. Defendant Team Kennedy Inc. appeared through counsel. Plaintiff did not appear. The Court waited approximately thirty minutes to allow Plaintiff additional time to join the videoconference, but she never appeared. The Court therefore concluded the proceeding without conducting the ENE or CMC.

On June 9, 2026, the Court issued an Order to Show Cause. ECF No. 15. Rather than recommending dismissal at that time, the Court gave Plaintiff until June 30, 2026, to explain in writing why sanctions should not be imposed. The Order directed Plaintiff to explain: (1) why she did not submit the confidential ENE statement and participant information required by the April 30 Order; (2) why she did not file the Joint Case Management Statement required by the April 30 Order; (3) why she did not comply with the June 3 Order; and (4) why she did not appear at the June 8 ENE.

The Order also advised Plaintiff that failure to respond could result in a recommendation that the action be dismissed for failure to obey court orders and failure to prosecute. *Id.* Plaintiff did not respond by the June 30 deadline and has not otherwise

contacted the Court, explained her absence, addressed any of the issues identified in the Order to Show Cause, or taken any further action to prosecute this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes dismissal where a plaintiff fails to prosecute an action or fails to comply with the Federal Rules of Civil Procedure or a court order. A district court also has inherent authority to dismiss an action sua sponte for failure to prosecute or failure to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

In determining whether dismissal is appropriate, courts consider:

1. The public's interest in expeditious resolution of litigation;
2. The Court's need to manage its docket;
3. The risk of prejudice to the defendant;
4. The availability of less drastic alternatives; and
5. The public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

## III. DISCUSSION

### A. Public's Interest in Expeditious Resolution

This case cannot move forward without Plaintiff's participation. Plaintiff failed to submit the required ENE materials, failed to participate in preparing the Joint Case Management Statement, failed to respond to the Court's June 3 Order, failed to appear at the ENE, and failed to respond to the Order to Show Cause.

These failures have prevented the Court from conducting the initial case management proceedings necessary to establish a schedule and move the case toward resolution. Because Plaintiff has stopped participating in the case, there is no indication that the litigation will move forward absent dismissal. Accordingly, this factor weighs strongly in favor of dismissal.

//

**B. The Court's Need to Manage Its Docket**

The Court scheduled an ENE and CMC that could not proceed because of Plaintiff's noncompliance. Before the conference, the Court issued an additional Order addressing Plaintiff's noncompliance. Chambers also emailed Plaintiff at the two email addresses reflected in the record to advise her of the Court's June 3 Order. The Court nevertheless convened the conference and waited approximately thirty minutes for Plaintiff to appear.

After Plaintiff failed to attend, the Court issued a detailed Order to Show Cause identifying each failure and giving Plaintiff three additional weeks to explain her conduct. Plaintiff ignored that Order as well. The Court should not be required to continue issuing orders, reserving conference time, monitoring deadlines, and attempting to obtain Plaintiff's participation when she has shown no intention of complying. The Court has already devoted significant resources attempting to obtain Plaintiff's participation. Accordingly, the second factor weighs in favor of dismissal.

**C. Risk of Prejudice to Defendant**

Defendant complied with the Court's conference requirements, prepared for the June 8 ENE, and appeared through counsel. Plaintiff failed to appear, and the ENE could not proceed.

The delay is attributable to Plaintiff. Plaintiff has offered no explanation for her noncompliance and has given no indication that she intends to continue litigating this case. Her repeated noncompliance has delayed the case and unnecessarily increased Defendant's litigation costs. Defendant should not be required to continue defending a case that Plaintiff has effectively abandoned. Thus, the third factor favors dismissal.

**D. Availability of Less Drastic Alternatives**

The Court employed several alternatives short of dismissal. When Plaintiff did not comply with the initial deadlines, the Court did not impose sanctions. Instead, it issued the June 3 Order giving her another opportunity to comply and requiring her to confirm whether she intended to attend and provide two outstanding items. The Court also emailed Plaintiff at both addresses reflected in the record. When Plaintiff did not respond, the Court

did not cancel the conference but rather began the ENE and waited approximately thirty minutes for her to appear. Even after Plaintiff failed to attend, the Court again declined to recommend immediate dismissal and instead issued an Order to Show Cause, which gave Plaintiff an opportunity to respond. The Order warned Plaintiff that failure to respond could result in dismissal.

There is no indication that Plaintiff intends to participate. Monetary sanctions would also likely be ineffective against a pro se litigant who has not responded to any prior directive. The Court has therefore attempted less drastic alternatives, and those alternatives have not worked. Accordingly, the fourth factor weighs strongly in favor of dismissal.

**E. Public Policy Favoring Disposition on the Merits**

Ordinarily, cases should be resolved on their merits. Here, however, Plaintiff's own conduct has made a merits determination impossible. Plaintiff has stopped participating in the case, and it cannot proceed without her participation. Accordingly, although the fifth factor weighs against dismissal, it is outweighed by the remaining factors.

Taken together, the *Pagtalunan* factors weigh in favor of dismissal under Rule 41(b).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Court **DISMISS** this action **WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders. It is **ORDERED** that any party may file written objections with the Court no later than **August 4, 2026.** The document should be captioned "Objections to Report and Recommendation." Any reply to the objections must be filed no later than **August 18, 2026**.

**IT IS SO ORDERED.**

Dated: July 20, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge